Mr. Wilson, may proceed. Yes, your honor. Thank you, your honor. May it please the court. My name is Kenan Wilson. I'm representing the appellant in this matter, plaintiff below Terry Padgett. This is before the court on the district court's grant of plaintiff's motion of summary judgment. On its face, this case is regarding whether or not the court erred when it plaintiff believes was waived. And plaintiff will be addressing that in this argument. However, I also believe it's important to note that there is a larger consideration on this case. And that is the allowance of the defendant's sort of strategy here in this case and what that says as a precedent for plaintiff's counsels and courts moving forward. So I will start by the district court erred when it ruled on defendants argument that Norfolk Southern defendant below was not my client's employer. That argument was raised or was included in a footnote to plaintiff's summary judgment brief. The footnote was on the first page of the brief and the introductory section. Plaintiff believes that argument was waived because it was not properly supported or developed. The operative standard here is that whether or not it was supported or developed. While the circuit has not explicitly laid out what is supported and developed, there has been several cases allowing for some guidance. And the general consensus seems to be that such a development and support would need to include citation to relevant Are we here today with without a real party in interest? Um, I'm sorry, your honor. I'm not understanding the question. Who was who was her employer? The employer? The employer we believe was Norfolk Southern Corporation. And is there any argument against that? Well, the defendant claims that they were not the employer, but no motion for summary judgment or no motion to dismiss them as the employer was ever entered. The actual facts of whether or not they are my client's employer was never actually argued. Defendant throughout the case claimed in introductory paragraphs that we pretty commonly see from corporate defendants that they were misnamed as the employer. However, throughout the case, they behaved as any employer defendant where they were able to produce and discover the entire employee file of my employee of my client. They were also they took my client's deposition as an employer. And they filed an answer and discoverers responses that do admit to being the employer. Now, defendant's argument is that because they put in opening paragraphs that they were misnamed, that somehow changes that what we believe is the reality that there was only one party with a appearance on file. And that was Norfolk Southern Corporation. And that that party was filing pleadings that admitted to being an employer. And that's the railway, right? Sorry, your honor. Okay, your client's the railway. My client is the plaintiff Terry Padgett. Oh, I'm sorry. I'm thinking about the defendant. I'm sorry. Mr. Mr. Wilson, I get that it was in a footnote. And it was in these introductory paragraphs. But if your client's position is that Norfolk Southern Corporation was, is it her or his? I'm sorry. It is his was his employer. That's, that's a pretty important detail. Why didn't Mr. Padgett respond to that statement, no matter how tiny it was? Well, your honor, when I was responding to their brief, I believe that that argument had already been had been removed from any consideration because of the answer in the admission in the answer that that Norfolk Southern Corporation or at least the party that was filing the answer, which was Norfolk Southern Corporation was the employer. It wasn't in the interest of efficiency, it just didn't. It was not responded to because the plaintiff believed that that was not an argument that that was at all before the court because of the earlier filings and that it was entered in a footnote, which, you know, my knowledge of other precedents shows that there's such sorts of arguments entered in footnotes only are typically waived. But did you ever say that to the district court? Did you ever say we believe this is removed from contention and we believe this is waived and we believe everything Norfolk Southern Corporation has done to date shows that it is actually Mr. Padgett's employer? That was raised in plaintiff's motion for reconsideration. That was the first time. That was the first time. So as far as the waiver argument again, and with respect with what the the judge has said about responding to it, but we do believe it was waived because it was not supported and it was not developed. The footnote itself is. Even if it's waived, if you don't have a real party, what kind of jurisdiction do we have? Well, we do have a real party. They because the defendant answered the complaint and admitted to being the plaintiff's employer. All right. The argument is an admission that they are the employer. The answer includes an allegation or includes the complaint includes an allegation that Norfolk Southern Corporation is the plaintiff's employer. The answer included a response that stated that stated that they that they agreed with that they weren't contesting that. So that under precedent that that serves as a judicial admission, removing that issue from from consideration now in full disclosure and the defendant's argument is that by saying in an opening paragraph of their answer that they had been misnamed that that somehow cancels out that admission. But if that is the case, then who was filing that answer? There's only one party to be able to file that answer. And the party that they're claiming, Norfolk Southern Railroad Company, which is what they claim is the employer, that that party never entered an appearance on this case. That party wasn't capable of filing anything. So it's our position that that's sort of a vermin in an opening paragraph. While it's very common, we see quite a bit with these corporate defendants, it should not somehow cancel out everything that we rely upon in the answer and in discovery responses that we're acting upon. And again, if if the plaintiff or the defendant believe that it wasn't the employer, we believe that the proper way to address that would have been to file a motion to dismiss as being an improperly named employer rather than litigating out the entire case and acting as a defendant, conducting discovery, producing an employee's entire employee file and having information that only the employer would be able to have. And and then including it in a footnote at the summary judgment stage that that, you know, eventually led to the court hearing opinion that that barred my client from having the ability to have his his cases heard on their merits. And I do believe that there is an they mentioned in the footnote is their own corporate disclosure statement, which while does state that in the in the opening paragraph in a footnote that they are improperly named. And while it is entered under Rule 11, and therefore, by entering it under Rule 11, it's claiming that it's supported by evidence, what that evidence is, that supports that contention is, is never stated. And that's kind of the theme here throughout is, is the defendant just claiming that they're not the employee without ever backing that up, for instance, by filing a motion to dismiss or anything along those lines. Also, in the in the footnote, and it included a citation to title to the ADA, which this case is an ADA case, simply stating that a case must be brought against an employer. I don't believe that that develops or supports the argument enough to save it from waiver. And then there's a citation to a case Pittsburgh, Elkhart County. In that case, again, this precedent here is that it needs to be a relevant precedent that's that's cited in the case. And once you actually look at pits, it's such a different set of facts that I don't believe that it is relevant to this case and can be readily distinguished. In pits, the plaintiff initially did file against the defendant Sheriff's Department, that Sheriff's Department moved for to be dismissed on the grounds that it was a result of plaintiff filed a motion to dismiss that employer voluntarily. Later on, at the summary judgment stage, the plaintiff asked to essentially read that party back into the case when they realized that they were the correct employer after the remaining party filed their summary judgment asked claiming that they were the correct employer. So there was essentially the ruling in that case was that the plaintiff was stuck with its earlier motion to dismiss and they needed to figure that information out there here. There was no stage where where this had was disputed on the merits to where it was heard openly. It was just included in this footnote in the brief. So I think pits does not really support their argument. Therefore, that that footnote is not is not supported in a way that would save it from waiver. The Norfolk Southern also included in their reply brief, a paragraph about the misnamed employer argument. But case law is clear that an argument cannot be raised for the first time in a reply brief. It's our argument that because we believe the argument was waived at the initial briefing stage that by raising in the reply brief, it does not salvage that from waiver. And this argument is not a something that's harmless, because we do believe that in addition to, you know, what I mentioned earlier about that they were the only party in this case, and they were the only party filing responses and answers. There's there's significant evidence that Norfolk Southern corporation was actually my client's employee. And actually, all of the record evidence that we can find in that was before the court, such as and I listed this in our brief letters from the employer discipline from the employer that was issued my client threat as an employer. It all says Norfolk Southern Corporation. It does not say Norfolk Southern Railroad Company. So we believe you got all of that evidence through discovery before the summary judgment summary judgment briefs were filed. Is that right? Yes, Your Honor. So your time's expired. Oh, I apologize, Your Honor. Obviously, I see I just will close by asking that I'm respectfully requesting that this case be remanded back to the district court to the district court in your opinion on the merits. Thank you. Ms. Goldman. We support Kathleen Jones Goldman on behalf of the appellee. I would first like to address Judge Kane, your question related to when Norfolk Southern Railway Company identified itself as the actual employer that was done in the answer. And in fact, it reads as follows. Norfolk Southern Corporation NSC was defined denies it is the properly named defendant. Norfolk Southern Railway Company, Norfolk Southern is the you know, the definition then is the proper party in this action. Norfolk Southern is the operating subsidiary of Norfolk NSC and it is a separate legal entity which operates the rail line and then proceeded throughout the answer to answer on behalf of the employer, Norfolk Southern Railway Company. That methodology was then utilized in seven pleadings throughout the case prior to summary judgment, including when we had moved the court for an extension in which to file the motion for into the record of this case or anytime we spoke in this case, we spoke as railway company. Now, the question then before the court is, are we obligated to make sure that Mr. Wilson files his action against the right party? We contacted him directly. We've offered to substitute parties. We do it all the time. This is not a unique situation in which a company will be misidentified or Norfolk Southern Railway Company will be identified as the employer or as the employee when it's actually for or vice versa. That's not unique to the extent that Mr. Wilson is arguing or attempting to argue that he was foreclosed from conducting discovery relative to the appropriate entity of which to sue. He was not. And in fact, in every single time that we filed or served anything on him, we served it as Norfolk Southern Railway Company, which we defined as Norfolk Southern. So there really was no surprise here at any time. And as the district court relayed in her opinion at docket 46, which is her rejection of his motion to reconsider her summary judgment ruling, she lays out that he had ample opportunity to correct the error. Moreover, he could have just sued railway company and kept court if he wanted to make sure that he could get but he didn't do that. He did nothing and instead relies on Norfolk Southern to file a motion to dismiss. There was no there was no dispute that we came in as railway company consistently appeared in the case as railway company. There is no admission that Norfolk Southern Court that's that's misstated because the answer actually is answered on behalf of railway company. And frankly, we were doing we were making things easy for him by saying, go ahead, we'll find a joint step, you know, to let you to name railway company. He never took us up on the offer. And certainly, you know, he proceeded at his own peril, which was recognized by the district Although I What would happen in this case, if his client should prevail? Who does he recover from? At this point, he would have recovered we because of the way that we had structured the argument in the summary judgment brief as being from railway company, a judgment would have had to have been entered into against railway company, I assume an amendment could have taken place prior to the entry of a judgment. But that's the way it bore out. But we don't have a case before us. I would respectfully agree. What, how do we think about the fact that you've made abundantly clear that railway company went ahead and answered everything railway company litigated. So there would have been no prejudice to railway company, if an amendment had been allowed. If Mr. Padgett had been allowed to amend the complaint to put the proper party, how do we balance that the lack of prejudice to your clients against the real prejudice here to Mr. Padgett, now, the thing is gone forever. And I assume he's got a statute of limitations problem and can't sue railway company now in a new complaint. When there was no surprise in some of these cases, we see, you know, we don't want to change up parties late in the game, because it's a surprise to a defendant who didn't know they were about to be sued or bought into a suit. But here, there was no surprise at all, because railway company was there every step of the way, raising its hand and actively litigating even though it knew well, the lawsuit was not against railway company facially. Um, Your Honor, I, I agreed that there was ample time prior to the courts and district courts consideration of the motion for summary judgment to amend, and there would have been minimal, if any prejudice to Norfolk Southern Railway Company, because certainly Norfolk Southern Railway Company was more than aware that the action was pending. In fact, you know, as I indicated, we, I, I was at all times representing that we were appearing on behalf of railway. After the entry of the summary judgment, however, you know, it is prejudicial, because now we've been forced to litigate this case for a year, reminding Mr. Wilson all along, and every opportunity that we had to, to articulate anything on behalf of railway company or court. How, may I ask, how were you forced? Railway company did not have to answer, only corporation had to answer and say, hey, we're not the employer, full stop. Well, I mean, we, did we appear? Yes, of course we did as railway. Did we defend as railway? Of course we did. The question is now, do we have to, after being here, and after expending the time and resources to be here, and after expending, you know, all of this, um, after post-judgment, should we be required now to come back when, at any time, with no effort, or very minimal effort, Mr. Wilson could have corrected his error by simply, and the court points this out, the district court points this out, all he had to do was read what we had put into the record. That's all he had to do, and he chose not to do that. So at some point, that counsel bears responsibility to represent his client, to make sure that he is, uh, advancing the case against the appropriate defendant. It is not the defendant's responsibility, it's his responsibility to prosecute his case, and he chose not to read our pleadings, he chose not to read the discovery, and never, and chose not to address the argument that's raised, and with respect to the motion for summary judgment, the very first line in the motion is defendant Norfolk Southern Railway Company, defendant or Norfolk Southern, which has been improperly identified as Norfolk Southern Corp in this action, by and through the underside counsel respectfully moves for summary judgment. That's the very first sentence in our motion. How can you move for a more representation if they don't exist? Do they exist? Pardon me? Does his name, defendant, exist? It does, yes, and we, um, we address that in our disclosure statement, uh, because Norfolk Southern Corp is the parent company of Railway Company, and it is the, uh, the operating entity which hired the plaintiff, and which was his supervisors, everything, all the actions of which the, the plaintiff complains occurred at the operating level of the railroad, which is Norfolk Southern Railway Company. So it exists, but they're not a party in this case. They were not the party that would have committed the actions that are complained of. In order to bring a case under the ADA, you have to sue the employer. Here, the employer is Railway Company, not Corp, so essentially they, Mr. Wilson failed to sue the employer, finding that he was unable to rebut that the employer had not been sued. When we addressed this in the motion for summary judgment, the court dismissed the case because the employer had not been sued. All right. Go ahead. Apologies, Judge Mannion. Thank you. Just your shortest answer, Ms. Goldman. Why was Railway Company litigating if Railway Company had not been named? Railway Company appeared because for, in any time that this has happened, it has been a very easy fix without motion practice to, to set the record straight, either an amended complaint gets filed or a stipulation is entered into, neither of which Mr. Wilson agreed to do in this case, and the case easily proceeds. Otherwise, you know, it's, it's more expeditious to just get it done. We know we're going to be sued. Let's come in and proceed. How can the case proceed when there's no real party in interest? Well, we said we were the party in interest. We had, we had, we acknowledged we were the party in interest. At that point, the record needs, the docket needs to be cleaned up to proceed. How can you be the real party in interest when you weren't the employee, employer? I can, I can lead a horse to water, but I can't make him drink. I mean, at all times, I acknowledged that the party in interest was Railway Company, Sue Railway Company. And did you ever raise with the judge that this problem, this easy fix had never been cleaned up? Yes, we raised it in every pleading that we filed. In fact, that's what we're talking about when we raise it in the footnote in the summary judgment motion. We in fact said in that footnote that after many attempts to, to get the plaintiff to correct the record, which have been ignored, here we are. I meant really at a status hearing. We didn't really have an opportunity in this case for something like that. I believe we had our 16 conference. Prior to that, we had approached Mr. Wilson when we were putting together the world 26 F report and asked him if he wanted to file a step that request was ignored. And he addresses that in his in his pleadings before the court. All right, Mr. Wilson, I'll give you a minute to explain if you can why you didn't sue the actual employer. I think your honor again, we believe we did sue the actual employer and that is Norfolk Southern Corporation. And we believe the record bears that out. The only other things I would, I would say about Ms. Golden's argument or one is she mentioned several times that she appeared on behalf of Norfolk Southern Railway Company. Norfolk Southern Railway Company never filed an appearance in this matter. The only appearance in this matter was for Norfolk Southern Corporation. And then I would also note that while two things about the communication to me about amending the parties. One, there was one communication as I know in the brief, it was in an email that was otherwise about the real 26 F conference. That was later that the court didn't actually have a live conference for that. That court tends to waive the conference once the real 26 F report has been filed. That email was overlooked. And that portion of the in it asking about a joint motion. That was the only time it was ever raised. The other time she's referring to it being raised or what she's referring to as being raised are the introductory paragraphs of their filings, which again, those aren't, those are, I don't view those as attempts to address this issue. Those kinds of introductory paragraphs where they, the corporate defendant says that would have been misnamed very common. They often exist throughout the course of the litigation that we see. And that's, that was why I proceeded the way that I did. Just briefly, what about counsel's point that one way around it is to just sue both out of an abundance of caution? Why not that? Well, we only sued Norfolk Railway Corporation initially because that was what my client had said was his employer. We didn't know about the existence of Norfolk Southern Railway Company until they began filing these, these introductory paragraphs. Why not that route? Because we believe with the answer from them already in place that it wasn't an issue. And if it was that, that, that the, the way to address that would have been a motion to dismiss. Well, counsel, I'm going to discuss this matter with the rest of the panel and we, there may be more we want to seek from you both, but in any event, this oral argument is concluded and we're going to move to the next case.